The CIRCLE K CORPORATION,
Plaintiff,

v.

The UNITED STATES, Defendant.

No. 12–86T.

United States Claims Court.

Aug. 2, 1991.

A. Jerry Busby, Phoenix, Ariz., for plaintiff.

George L. Squires, Washington, D.C., with whom was Asst. Atty. Gen. Shirley D. Peterson, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge.

This case is before the court on defendant's motion under RUSCC 59 to reconsid-

er and alter or amend the judgment. For the reasons stated below, the court denies defendant's motion.

## FACTS

On May 14, 1990, defendant filed a motion for partial summary judgment. On September 10, 1990, plaintiff filed its opposition to defendant's motion for summary judgment, but did not therein cross-move for summary judgment. Nevertheless, on May 16, 1991, this court, *sua sponte*, granted partial summary judgment in favor of plaintiff. 23 Cl.Ct. 161. The court agreed with defendant that there were no genuine issues of material fact in dispute, but disagreed that the law favored defendant's position.

On June 3, 1991, defendant filed a motion under RUSCC 59 to alter or amend the judgment on several grounds. Specifically, defendant alleged that:

1. The court miscalculated the amount plaintiff was entitled to recover from its sale of NuCorp stock.

2. The court should not have directed the Clerk to enter judgment on the issues resolved in its May 16, 1991 Order because there still remained outstanding issues for the tax years in question. A tax refund claim includes all issues for a single year, therefore the court improperly split the claim by directing judgment on less than all the issues.

3. A court may grant summary judgment *sua sponte* only if the losing party was on notice, which defendant was not, that it had to come forward with all of its evidence. Furthermore, the court's Order granting summary judgment *sua sponte* was erroneous because the record indicates there still are genuine issues of material facts.

4. The court's decision is contrary to *Arkansas Best Corp. v. Commissioner*, 485 U.S. 212, 108 S.Ct. 971, 99 L.Ed.2d 183 (1988).

On June 5, 1991, the court directed the Clerk to vacate the judgment based on its determination that it had miscalculated the amount due plaintiff, and that it should not have ordered the entry of judgment on

fewer than all the issues for a single tax year. The court, however, did not vacate its Order. Because the court's June 5, 1991 Order disposed of two of defendant's objection to the May 16, 1991 Order, this order will address only numbers 3 and 4 above.

## DISCUSSION

A. Defendant Was Not Deprived Of The Opportunity To Demonstrate That There Existed Genuine Issues Of Material Fact.

■ Defendant did not dispute that this court may grant summary judgment *sua sponte*. Instead, defendant contended that the court, in its May 16 Order, exceeded its authority by granting summary judgment in favor of plaintiff without "provid[ing defendant] with adequate notice and opportunity to show that there are genuine issues of material fact that bar the entry of summary judgment against it." However, contrary to defendant's assertion, a court contemplating granting summary judgment *sua sponte* is not required to "provide" notice of its intention to the losing party. Rather, the Supreme Court has determined that granting summary judgment *sua sponte* is proper "so long as the losing party was on notice that [it] had to come forward with all of [its] evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The court finds this distinction crucial. The requirement that defendant was "on notice"

> does not mean [defendant] had to receive a formal document called "notice" or that the ... court had to say the words "you are on notice" or even that the court had to explicitly tell [defendant], "I am thinking of ordering summary judgment for [plaintiff] *sua sponte.*" Rather, the question is whether, given the procedural circumstances of the case, the original movant ... has had *an adequate opportunity* to show that there is a genuine issue and that his opponent is not entitled to judgment as a matter of law.

*National Expositions v. Crowley Maritime Corp.*, 824 F.2d 131, 133 (1st Cir.1987) (citations omitted, emphasis in original).

The court cannot accept defendant's assertion that it lacked "notice" it had to come forward with all its evidence, or that "it was deprived of an opportunity to dispute facts material to" the court's decision. *See Cool Fuel, Inc. v. Conett*, 685 F.2d 309, 312 (9th Cir.1982). On June 22, 1988, the parties filed a Joint Status Report alerting the court to the then newly decided Supreme Court case *Arkansas Best Corp. v. Commissioner*, 485 U.S. 212, 108 S.Ct. 971, 99 L.Ed.2d 183 (1988), noting that the decision might render certain of plaintiff's claims amenable to summary disposition. The court thereafter conferred with the parties by phone, asking their respective opinions of the effect of *Arkansas Best* on the issues in this case. Counsel for plaintiff stated that he believed the NuCorp stock acquired by Circle K fell within the § 1221(1) inventory exception to the definition of capital asset, and that plaintiff's treatment of the loss on the sale of the NuCorp stock as ordinary was not precluded by *Arkansas Best*. On October 11, 1988, the parties filed a second Joint Status Report stating that it would be appropriate for defendant to file a motion for summary judgment on the NuCorp stock issue as a result of the *Arkansas Best* decision.

Plaintiff's opposition to defendant's motion for partial summary judgment further indicated that plaintiff believed it was entitled to treat its stock purchases as commodity future "hedging transactions," and thereby receive ordinary asset treatment on that stock. Plaintiff, however, believed there were genuine issues of disputed fact material to the court's determination of whether the purchases were in the nature of a commodity future. In its reply to plaintiff's opposition, defendant argued that plaintiff mischaracterized as issues of fact ultimate issues of law, stating in no uncertain terms, "plaintiff has not identified a single issue of fact, much less shown that any such issue is material and genuine. THERE IS NO ISSUE OF FACT AT ALL.... Plaintiff cannot transform an issue of law into an issue of fact merely by

calling it such." (emphasis in original). Defendant further argued that "[u]nder the legal standards established by the Supreme Court in *Arkansas Best*, ... and the undisputed facts in this case before this Court, it is clear as a matter of law that Circle K's shares of NuCorp stock are capital assets, and that the loss Circle K incurred when it sold them are capital losses [sic]."

Taking the procedural circumstances as a whole, the court thinks it undeniable that defendant had an adequate opportunity to demonstrate genuine issues of material fact with regard to plaintiff's argument. Defendant argued against exactly the theory under which the court found for plaintiff. Defendant cannot now complain it lacked notice that the court could reach the decision it did simply because defendant apparently thought that possibility a nullity. Defendant placed total reliance on *Arkansas Best*, evidently believing it an "open and shut" case in its favor, and chose to ignore plaintiff's argument that its stock purchases qualified as bona fide hedging transactions. While that decision certainly was defendant's prerogative, it does not give defendant the legal right to claim it was deprived of the opportunity to dispute facts material to plaintiff's claim.

■ Defendant also argued that "[t]he fact that the United States moved for partial summary judgment on the NuCorp stock loss issue, representing that there is no genuine issue as to any material fact, is not an admission that there is no genuine issue as to any material fact that precludes the granting of partial summary judgment against the United States." This is so, defendant argued, because while, "by the filing of a motion a party concedes that no issue of fact exists under the theory he is advancing, ... he does not thereby so concede that no issues remain in the event his adversary's theory is adopted." *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed.Cir.1987). The court agrees with defendant's characterization of the law, but cannot agree with that the theory under which the court found for plaintiff is different from the theory defen-

dant advanced. Rather, the court merely disagreed with defendant's interpretation of the law supporting its theory. Defendant argued that, after *Arkansas Best,* plaintiff's stock purchases never could receive ordinary asset treatment. The court decided that, as a matter of law, they could. Where, as here, a party has moved for summary judgment on the identical issues on which the court granted summary judgment in favor of the opposing party, and asserted that there were no disputed material facts relating to those issues, the party's subsequent contention that there were disputed factual questions is highly suspect. *See Id.* Defendant argued that no contested facts existed for the purpose of finding against plaintiff; those facts did not change for the purpose of finding in favor of plaintiff. Defendant was correct when it asserted there was no issue of fact at all. And like plaintiff, defendant cannot change an issue of law into an issue of fact just by labeling it so.

B. The Court Did Not Make Findings Of Material Fact In Its May 16, 1991 Order.

▆ Defendant pointed to six ostensible findings of material fact the court made in its May 16, 1991 Order which rendered its decision improper. Those alleged findings of fact were:

1. [I]t is clear to the court that plaintiff entered into its agreement with NuCorp in order to guarantee a supply of gasoline for its retail operations should the availability of gasoline become so scarce that purchases on the open market were insufficient to meet its needs.
2. [P]laintiff's investment in, and agreements with NuCorp bore the requisite "close connection" with its business to warrant application of the inventory exception.
3. [P]laintiff was unqualifiedly prepared to take NuCorp crude under the option agreement and trade it for refined gasoline which it then could supply to its retail operations.
4. NuCorp's crude oil could be a substitute for a supply of gasoline because of the practice in the energy field of trading product. Through this practice, crude oil produced in one section of the country can be exchanged for refined gasoline at distant and diverse locations. Had the oil crisis worsened, product trading would have become an important part of plaintiff's inventory purchase program.
5. The court believes that the "highest economic price" is a determinable price that would protect plaintiff against market fluctuations.... The alleged lack of a set price does not defeat plaintiff's claim that its stock purchases were in the nature of a commodity future.
6. On the facts presented here, the court is convinced that Plaintiff's actions, though questionable at times, constituted valid hedging transactions, and that plaintiff is entitled to have the loss it incurred on the sale of its NuCorp stock treated for tax purposes as an ordinary loss pursuant to I.R.C. § 1221(1).

With regard to alleged findings of fact numbered 2, 5, and 6, the court notes that those findings are not of fact, but of law. Defendant apparently has had some difficulty maintaining the distinction as evidenced by its sudden and drastic change of position from its reply brief to its RUSCC 59 motion. However, defendant's confusion, although somewhat understandable because the line between fact and law sometimes is a fine one, does not make the court's actions improper. The court recognizes that there are certain facts underlying its legal conclusion that plaintiff's investment in NuCorp stock bore the requisite close connection to plaintiff's business to warrant application of the inventory exception, but those facts were uncontested. Defendant did not dispute that 35% of plaintiff's retail store sales were attributable solely to gasoline. Nor did defendant contest that the stock purchases came with an option to purchase NuCorp crude.[1] From those uncontested facts, the court

---

1. Defendant did, however, question whether NuCorp produced any crude over which plaintiff could exercise its option, an issue the court addresses *infra.*

found, as a matter of law, the "close connection" mandated by *Arkansas Best.*

Likewise, questions of whether plaintiff's stock purchases were in the nature of a commodity future (alleged finding of fact number 5), and therefore valid hedging transactions (alleged finding of fact number 6), are questions of law. While the underlying characteristics that led the court to those conclusions are fact-laden, that does not change the nature of the ultimate determination. The court is not surprised that defendant was unable to discern upon which of the parties' proposed findings of uncontroverted fact those conclusions were based. The court based its conclusions of law on its interpretation of statutes and precedent, not on the parties' proposed findings of fact.

■ With regard to alleged findings of fact numbered 1, 3, and 4, the court properly determined that those facts were uncontested. Defendant, in its reply brief, "contested" plaintiff's proposed findings of uncontroverted fact underlying the court's statements in alleged findings of fact numbers 1 and 4 by stating merely that the deposition pages plaintiff cited for support contained nothing relevant to the subject matter of plaintiff's proposed findings. Defendant is correct that plaintiff cited the wrong pages. However, defendant is incorrect that the record, as a whole, provided no support for those findings. The court, in an early draft of its final order, initially included a footnote that stated:

Defendant also pointed out that some of plaintiff's proposed findings of uncontroverted fact are unsupported by the exhibits to which plaintiff cited. While this is significant and tends to undermine plaintiff's position, the court has made an extensive review of the materials submitted by both sides. As a result, the court has been able to garner support for the miscited proposed findings of uncon-

troverted facts from plaintiff's other submitted answers to interrogatories and portions of depositions.

In later drafts, the court deleted the footnote, believing it was unnecessary to state the obvious. Defendant had access to the same record as did the court, but unwisely chose to rely on plaintiff's miscited deposition pages to "controvert" plaintiff's proposed findings. Under the Rules, defendant was required to "state the precise nature of its disagreement [with plaintiff's proposed findings] and give its version of the events, supported by record citations." RUSCC 56(d)(2). Defendant failed to do this. Therefore, pursuant to RUSCC 56(d)(3), the court acted properly in deeming those facts established.[2]

■ Defendant objected to alleged finding of fact number 3, arguing that the court appears to have based it improperly on plaintiff's proposed finding no. 17 which stated:

The agreement with NuCorp resulted in Circle K acquiring a one hundred percent (100%) call on all of NuCorp's crude oil production.

Defendant maintained that plaintiff offered no evidence indicating "that NuCorp produced any oil with respect to which Circle K could acquire a 100% call" because Circle K's option was "subject and subordinate to all existing and hereafter made agreements which create in third parties the right to acquire any Crude[.]" However, the court believes the agreement speaks for itself. The plain language of the agreement gave plaintiff an option on NuCorp's crude, and that is what the court found. Defendant offered not a scintilla of evidence that NuCorp produced no crude over which plaintiff could have exercised its option, but instead "rest[ed] upon mere allegations" which could not have created a genuine issue for trial. *See* RUSCC 56(f). In order to preclude summary judgment, defendant

---

2. Defendant also argued in its RUSCC 59 motion that "the record contains nothing that establishes that these documents are extracts of testimony of individuals who are competent to testify on the matters stated therein...." Defendant did not raise this objection in its reply brief, and therefore has waived its right to do

so. Defendant was entitled to rely on the precarious supposition that the court was incapable of reading the entire record. However, having failed to controvert thoroughly plaintiff's proposed findings, defendant cannot now make arguments it omitted the first time around through carelessness, or otherwise.

would have to "show an evidentiary conflict on the record; mere denials or conclusory statements are not sufficient." *Mingus Constructors*, 812 F.2d at 1390–91 (citing *Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 836 (Fed.Cir.1984)).

The court also notes that alleged findings of fact numbers 1 and 3 were not material to the court's ultimate decision. As explained more fully *infra* section C, plaintiff's intentions at the time it entered into the agreements with NuCorp are irrelevant because *Arkansas Best* specifically prohibits initial intent inquiry. The court included the statements in question in order to present the full factual setting leading to the dispute between the parties. Apparently, however, defendant, and others, have read far too much importance into statements discussing plaintiff's "intent." This mistake grossly distorts the reasoning behind the court's order.

### C. The Court's Decision Is Not Contrary To *Arkansas Best.*

■ Defendant mischaracterized the court's holding by stating that:

[T]his Court expresses the original and erroneous view that *Arkansas Best* liberalized the *Corn Products [Refining Co. v. Commissioner*, 350 U.S. 46, 76 S.Ct. 20, 100 L.Ed. 29 (1955)] doctrine by eliminating the "business purpose" test, [sic] so that corporate stock, even if purchased by taxpayer [sic] for investment purposes, may be included within the inventory exception to the statutory definition of capital assets (§ 1221(1) of the Internal Revenue Code) if it feels, as in this case this Court does, that plaintiff's investment has a "close connection" with its business.... In its erroneous view that *Arkansas Best* does not severely limit the *Corn Products Doctrine*, this Court stands alone.[3]

That characterization does not reflect the court's holding. The court did not suggest that *Arkansas Best* liberalized *Corn Prod-*

ucts. Rather, the court recognized that *Arkansas Best* severely limited *Corn Products* by prohibiting any kind of initial intent inquiry. As is apparent, the court no longer may ask whether the purchase was made with a "business purpose," but the court does not read *Arkansas Best* as stopping there. *Arkansas Best* specifically affirmed the Eighth Circuit's holding that a taxpayer's "purpose in acquiring and holding stock [is] irrelevant to the determination whether the stock was a capital asset." 485 U.S. at 215, 108 S.Ct. at 974. This court understands that statement to mean that "investment purpose" is as irrelevant as "business purpose."

Rather than examine plaintiff's motive in purchasing the NuCorp stock, the court simply examined the bare stock/option agreement package. Plaintiff's proxy statements, news releases, and representations to shareholders regarding its "intent" clearly played no part in the court's decision. The court determined that stock purchased with an option to buy crude oil qualified, as a matter of law in these particular circumstances, as a legitimate hedging transaction. Whatever else plaintiff said, or did, was immaterial.

The court compared plaintiff's situation to that of the plaintiff in *Corn Products* and determined that, like the commodity futures in *Corn Products*, the stock options here could be viewed, as a matter of law, as surrogates for raw product because of the close connection between gasoline and plaintiff's business. That is exactly the analysis the Supreme Court endorsed in *Arkansas Best. See* 485 U.S. at 220–22, 108 S.Ct. at 976–77. Defendant is entitled to disagree with the court's application of the legal principles embodied in *Arkansas Best*, but is not free to recast, and mistate, the reasoning underlying the court's order.

### CONCLUSION

A motion under RUSCC 59 must be based upon manifest error of law, or mis-

---

**3.** Curiously, defendant cited a 5th Circuit case interpreting § 1221(2) which had absolutely nothing to do with the application of § 1221(1)'s inventory exception, *see Azar Nut Co. v. Commissioner*, 931 F.2d 314 (5th Cir.1991), and an 8th Circuit case which, though interpreting § 1221, merely recognized the demise of the "business purpose" test, with which this court agrees, *see Swartz v. Commissioner*, 876 F.2d 657 (8th Cir.1989).

take of fact, and is not intended to give an unhappy litigant an additional chance to sway the court. *Weaver–Bailey Contractors, Inc. v. United States*, 20 Cl.Ct. 158 (1990). With respect to the issues remaining after its June 5, 1991 Order vacating judgment, the court believes defendant has failed to demonstrate that the court erred in its May 16, 1991 Order granting partial summary judgment in favor of plaintiff. The court, therefore, denies defendant's Rule 59 motion. In order to avoid confusion that might arise were the court to leave standing the May 16, 1991 Order, the court hereby vacates that Order and reissues, this date, a modified Order with the language directing judgment, and certain other language not pertinent to the court's decision, including alleged findings of fact numbers 1 and 3, deleted.·

IT IS SO ORDERED.