Gerald A. LECHLITER, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 04–1729C.

United States Court of Federal Claims.

July 18, 2006.

Gerald A. Lechliter, Lewes, DE, pro se plaintiff.

Thomas D. Dinackus, U.S. Department of Justice, Washington, DC, with whom were Peter D. Keisler, Assistant Attorney General and Director David M. Cohen, for defendant. Major Rebecca Ausprung, U.S. Army Litigation Division, Arlington, VA, of counsel.

## ORDER GRANTING RECONSIDERATION

FIRESTONE, Judge.

Pending before this court is the motion by the plaintiff, Gerald A. Lechliter ("Mr. Lechliter"), for reconsideration pursuant to Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC") and to direct the entry of a new judgment for the plaintiff pursuant to RCFC 52.1,[1] granting him placement in military status with a 75 percent disability rating and any back pay due.

Mr. Lechliter moves for reconsideration of this court's opinion in *Lechliter v. United States*, 70 Fed.Cl. 536 (2006). Mr. Lechliter argues that there are numerous errors in the court's opinion. Upon receipt of Mr. Lechliter's motion and brief for reconsideration, the court ordered additional briefing on one of the issues raised in Mr. Lechliter's motion, which is related to whether Mr. Lechliter had an opportunity to request a formal Physical Evaluation Board ("PEB") hearing. Before the court, in addition to Mr. Lechliter's motion and brief for reconsideration, are Defendant's Opposition to Plaintiff's Motion for Reconsideration and Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Reconsideration. For the reasons that follow, Mr. Lechliter's motion for reconsideration, filed on May 8, 2006,[2] is **GRANTED–IN–PART** and **DENIED–IN–PART**.

## DISCUSSION

### I. Background

The relevant facts, taken from the court's prior opinion, are as follows. Following the informal PEB, which found Mr. Lechliter fit for duty, Mr. Lechliter marked the "I do not concur" line on the Department of the Army Form 199 ("DA Form 199") on December 11, 1998. In his written appeal of the informal PEB decision, dated December 21, 1998, Mr. Lechliter stated: "I appeal the PEB's decision ... If needed, I request to appear before a Formal Board hearing to argue my case." 70 Fed.Cl. at 539.

In his complaint, Mr. Lechliter contended that the Army's failure to provide him with a formal PEB violated Army Reg. 635–40 ¶ 4–21(a) (1990) as well as his constitutional right to due process. The government argued that Mr. Lechliter's statement in his December 21, 1998 appeal was not a clear request, and that he had therefore not requested a formal PEB. In its opinion, the court agreed with the government that Mr. Lechliter had not requested a formal PEB. Specifically, the court stated that Mr. Lechliter had the option to request a formal PEB by marking the "I do not concur and demand a formal hearing" line on the DA Form 199 following the informal PEB, but that he had not done so. 70 Fed.Cl. at 549 n. 14. In addition, the court held that the statement in Mr. Lechliter's December 21, 1998 appeal was ambiguous and that he had not further pursued his right to a formal PEB.

### II. Standard of Review

■ Under RCFC 59, the court may consider and amend its findings in appropriate circumstances. In order to obtain relief, a party must show a manifest error of law, or mistake of fact. The motion is not intended "to give an unhappy litigant an additional chance to sway the court." *Bishop v. United States*, 26 Cl.Ct. 281, 286 (1992) (quoting *Circle K Corp. v. United States*, 23 Cl.Ct. 659, 664 (1991)). As the *Bishop* court explained, ordinarily "[t]he movant must show either that an intervening change in controlling law has occurred, evidence not previously available has become available, or that the motion is necessary to prevent manifest injustice." *Id.* (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F.Supp. 1406, 1419 (D.Md. 1991)).

---

1. A motion for judgment on the administrative record is now governed by RCFC 52.1. RCFC 52. 1, which became effective on June 20, 2006, replaced RCFC 56. 1, under which the court issued its April 25, 2006 opinion and under which Mr. Lechliter seeks entry of a new judgment in his May 6, 2006 motion for reconsideration. It does not appear that the disposition of this case is affected by the differences between RCFC 52.1 and superseded RCFC 56.1.

2. Mr. Lechliter's motion to supplement the appendix to his motion and brief for reconsideration was granted on June 2, 2006.

## III. Discussion

### A. Entitlement to a Formal PEB

Under Army Reg. 635–40 ¶ 4–21(a), a service member is entitled to a formal PEB if requested after the informal PEB. The regulation states: "A soldier is entitled to a formal hearing if requested after informal consideration by a PEB. The soldier may waive this right by concurring in the findings and recommendations of the informal board."

It is not disputed that Mr. Lechliter did not concur in the informal PEB decision, but did not receive a formal PEB. What is at issue is whether Mr. Lechliter requested a formal PEB, and if he did, whether the failure to provide him one constituted harmless error.

### B. Mr. Lechliter Requested a Formal PEB.

■ In his motion and brief for reconsideration, Mr. Lechliter argues that he requested a formal PEB. Specifically, he argues that he was deprived of the opportunity to request a formal PEB on the DA Form 199 which was provided to him following the informal PEB. Mr. Lechliter states that he did not have option of marking the "I do not concur and demand a formal hearing" line because he had been found fit for duty. According to Mr. Lechliter, the only two options on DA Form 199 that are available to service members who have been found fit for duty are either "I concur" or "I do not concur." Therefore, Mr. Lechliter argues, the statement in his December 1998 appeal, "If needed, I request to appear before a Formal Board hearing to argue my case," was an unambiguous request for a formal PEB.

In response, the government does not dispute that the options available to Mr. Lechliter on the DA Form 199 were to mark "I concur" or "I do not concur." However, the government argues that Mr. Lechliter could have added a statement to DA Form 199 that he was requesting a formal PEB. The government notes that, in addition to marking the "I do not concur" line on the form, Mr. Lechliter added an annotation stating: "I will submit an appeal after I receive my medical records . . . ." The government also argues that, notwithstanding Mr. Lechliter's complaints about the form, he nonetheless understood that he had the right to request a formal PEB because he claims he requested a formal PEB in his December 21, 1998 appeal. Furthermore, the government argues that the court should not consider Mr. Lechliter's argument with regard to DA Form 199 because Mr. Lechliter failed the raise this issue before the ABCMR.

In reply, Mr. Lechliter argues that the government's argument that he could have added a statement to the form is unsupported given the circumstances. In his case, Mr. Lechliter argues, the DA Form 199 he was given made clear that, for service members found fit for duty, requesting a formal hearing was not an option. Mr. Lechliter states that he had been informed by Army officials that he could not request a formal PEB. Mr. Lechliter states that it was not until after he had signed the DA Form 199 that he obtained a copy of the Army regulations and that he then realized that the regulations provided for a formal PEB hearing regardless of whether a service member was found fit for duty. Mr. Lechliter further argues that the court may consider the issue of the DA Form 199 because in his requests to the ABCMR, he had complained that the Army had illegally denied him a formal PEB.

As a preliminary matter, the court finds that it can consider Mr. Lechliter's arguments concerning DA Form 199 because Mr. Lechliter raised the issue of being denied a formal PEB before the ABCMR. As such, the issue of whether Mr. Lechliter had requested a formal PEB was before the ABCMR.

Reaching the merits of the issue, the court finds that the DA Form 199 given to Mr. Lechliter following his informal PEB did not provide him with the opportunity to request a formal PEB. Under these circumstances, the court holds that Mr. Lechliter's statement in his December 21, 1998 appeal to the PEB was not ambiguous, but was a request for a formal PEB. Therefore, the Army's failure to provide Mr. Lechliter a formal PEB despite his request violated Army Reg. 635–40 ¶ 4–21(a). The government does not

argue that this regulatory provision was not for the benefit of a service member such as Mr. Lechliter, nor does the court find anything in the regulatory language that would indicate that this provision was not for his benefit.

## C. The Army's Error Was Not Harmless.

 Having determined that the Army violated its regulations in failing to provide Mr. Lechliter a formal PEB, the court turns to the question of whether this error was harmless.

Mr. Lechliter contends that the error was fundamental because a formal PEB would have given him the opportunity to summon witnesses regarding his performance and to present expert medical opinion about his medical conditions. The regulations also provide for the appointment of counsel.

The government argues that the error was harmless given the fact that Mr. Lechliter was determined fit for duty in his retirement physical, which occurred shortly before his retirement. The government contends that during the nine-month interval between the informal PEB and Mr. Lechliter's retirement, his health could have changed. The government contends that Mr. Lechliter has not established that the ABCMR's rejection of Mr. Lechliter's arguments with regard to his retirement physical was arbitrary, capricious, unsupported by substantial evidence, or contrary to law.

Despite the government's contentions, the court cannot say that the Army's error was harmless in this case. Had Mr. Lechliter been provided with a formal hearing, he would have had the opportunity to testify; to introduce witnesses, depositions, documents or other evidence; and to cross-examine witnesses examined by the PEB. Army Reg. 635–40 ¶ 4–21(e). In addition, Mr. Lechliter would have been provided with counsel. Army Reg. 635–40 ¶ 4–21(h) ("For formal hearings at which the soldier will be present, each soldier will be. represented by counsel unless representation is specifically declined

in writing."). The opportunities that the formal PEB hearing would have provided Mr. Lechliter, as well as representation and advice of counsel, could have altered the Army's conclusion that Mr. Lechliter was fit for duty. As such, the Army's failure to comply with its regulations may have been prejudicial to the determination of Mr. Lechliter's fitness for duty.

Because the Army failed to provide Mr. Lechliter a formal PEB in accordance with its regulations, and this error was not harmless, the court remands this case to the Army to remedy this deficiency.[3]

In all other respects, Mr. Lechliter's motion for reconsideration is denied. Mr. Lechliter has not identified any new information on any of the other issues that would warrant the court's reconsideration of them.

## CONCLUSION

For the reasons stated above, the plaintiff's motion for reconsideration is **GRANTED–IN–PART and DENIED–IN–PART.** The court's opinion and judgment of April 25, 2006 shall be vacated. This case is **REMANDED** for six months to the Secretary of the Army for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

---

**3.** Mr. Lechliter had originally objected to a remand, but states in his motion for reconsidera-

tion that a remand would be acceptable.