# In the United States Court of Federal Claims

NOT FOR PUBLICATION
No. 11-904C
(Filed: April 17, 2013)

|  |  |
|---|---|
| JON T. HOFFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER DENYING THE PLAINTIFF'S MOTION FOR RECONSIDERATION

Pursuant to Rule 59(a) of the Rules of the United States Court of Federal Claims ("RCFC"), the plaintiff, Colonel Jon T. Hoffman ("Colonel Hoffman" or "the plaintiff") seeks reconsideration of the court's December 21, 2012 opinion in Hoffman v. United States, 108 Fed. Cl. 106 (2012). In that opinion, this court held that the decision of the Board of Corrections for Naval Records ("BCNR")—that there was no material error or injustice in processing the denial of a disability retirement for Colonel Hoffman—was not arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. For the reasons that follow, the plaintiff's motion for reconsideration of that decision is **DENIED**.

## I.    Standard of Review

This court may reconsider some or all of the issues resolved by its prior ruling: (1) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (2) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (3) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States. RCFC 59(a). The decision whether to grant reconsideration lies largely within the discretion of the trial court. See Entergy Nuclear FitzPatrick, LLC v. United States, No. 2012-5059, 2013 WL 1296699, at *4 (Fed. Cir. Apr. 2, 2013) (citing Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990)). RCFC 59(a) "is not intended to give an unhappy litigant an additional chance to sway the court." Bishop v. United States, 26 Cl. Ct. 281, 286 (1992) (quoting Circle K Corp. v. United States, 23 Cl. Ct. 659, 664-65 (1991)). The movant generally must demonstrate that relief from judgment is necessary to prevent manifest injustice, premised upon a clear error of law or mistake of fact. See Boston Edison Co. v. United States, 106 Fed. Cl. 330, 335 (2012); Lechliter v. United States, 72 Fed. Cl. 17, 18 (2006).

## II.    Discussion

The background facts of this case are described at length in the court's prior opinion and are not repeated here. See Hoffman, 108 Fed. Cl. at 111-16. Throughout this litigation the plaintiff has attempted to show that numerous alleged procedural errors preceding a Formal Physical Evaluation Board ("PEB") decision finding Colonel Hoffman "Fit" for duty rendered the BCNR's decision to not reverse the Formal PEB

2

arbitrary and capricious or without evidentiary support. Specifically, Colonel Hoffman has maintained that, had the Marine Corps properly concluded that his illness was service-incurred or aggravated and if the Navy had timely provided him with a Medical Evaluation Board ("MEB"), the Navy would have awarded him a disability retirement. In its opinion, the court carefully reviewed the record before the BCNR and addressed Colonel Hoffman's numerous procedural complaints to the Marine Corps' and Navy's handling of his disability claim. After undertaking this review, the court affirmed the BCNR. Colonel Hoffman now raises objections to the court's reading of the BCNR decision and the steps the court took to determine if the record supported the BCNR's findings and conclusions. None of Colonel Hoffman's contentions leads the court to grant reconsideration.

On reconsideration, Colonel Hoffman contends that the BCNR did not review or affirm the Formal PEB determination that he was Fit for duty as a field historian for the Marine Corps. Colonel Hoffman further contends that the BCNR's conclusion that his illness was not service-incurred or aggravated is not supported by the record. In addition to these objections, Colonel Hoffman raises several other grounds for reconsideration of the court's decision.

To begin, contrary to the plaintiff's contention, a review of the record plainly reveals that the BCNR considered the plaintiff's objections to the Formal PEB's Fitness determination and thus Colonel Hoffman's motion for reconsideration on the ground that his Fitness was not considered by the BCNR is not supported. It is not disputed that the Formal PEB found that Colonel Hoffman was Fit for service or that Colonel Hoffman

3

appealed that determination to the BCNR. The record also reveals that upon receiving his appeal, the BCNR requested an advisory opinion from the Secretary of the Navy Council of Review Boards ("SNCRB"). Following its review of the record, the SNCRB issued an opinion which states in relevant part as follows:

> Colonel Hoffman has requested the 14 February 2009 Formal Physical Evaluation Board (FPEB) determination . . . be changed from Fit for Continued Naval Service to Unfit for Continued Naval Service . . . . After careful consideration, I have concluded the evidence submitted to be insufficient to warrant supporting the recommended requested change. . . . [This] decision is based on the available evidence which provides insufficient support for the requested relief, and includes . . . [1] Evidence that shows Colonel Hoffman was capable of fulfilling duties appropriate for the pay grade of an O-6 (albeit, such duties would be administrative in nature) despite limitations on physical activities described at the time of the contested FPEB determination and the long-term prognosis. . . . [2] Testimony provided by Colonel Hoffman at his 14 February 2008 FPEB hearing, to which reference was made in the FPEB Rationale, included, "since the 1986-87 time he has functioned as a historian and in his civilian capacity he is a historian for the Department of the Army"—this despite additional testimony indicating a not otherwise documented "decrement in his cognitive abilities." Further, he indicated the residual ability to walk "for 30 minutes on flat ground daily, is able to transit two flights of stairs, does not suffer from paroxysmal nocturnal dyspnea or use additional pillows at night. [He] [s]tands for 20 minutes . . . drives for one hour with the use of a lumbar support and uses a modified straight back chair at work." . . . [3] Documentation of subsequent (March 2008) treadmill stress test results that were compatible with a VASRD rating of 30 percent under Code 7099-7020 (as contained in the 24 July 2008 VA Rating Decision), which reflected exertion limitation to 6-7 Metabolic Equivalent of Tasks (METS). However, such activity restriction remained compatible with the exertion required to be able to perform appropriate duties for his pay grade at that time.

Administrative Record ("AR") 60-61.

After receiving the SNCRB's advisory opinion (and Colonel Hoffman's rebuttal), the BCNR concluded that Colonel Hoffman had failed to establish the probable material

4

error or injustice required to reverse the Formal PEB determination. The BCNR expressly stated that, "the Board substantially concurred with the comments contained in the [SNCRB] advisory opinion," including the advisory opinion that Colonel Hoffman was not Unfit for duty due to a service-incurred illness, as quoted above. AR 57. In its decision, the BCNR also acknowledged that Colonel Hoffman had received a disability rating from the Department of Veterans Affairs ("VA"), but noted that "[t]he VA awarded [him] disability compensation without regard to the issue of [his] fitness to reasonably perform the duties of [his] office, grade, or rank."[1] AR 58.

In view of the statements from the SNCRB that were referenced with approval in the BCNR decision, Colonel Hoffman's contention that the BCNR did not review and uphold the Formal PEB's Fitness determination must be rejected and Colonel Hoffman's motion for reconsideration on this basis must also be rejected.

The plaintiff also objects to the court's decision regarding the BCNR's alternative conclusion that Colonel Hoffman's illness was not service-incurred. Colonel Hoffman takes issue with the court's identification of record evidence in its decision that was not specifically mentioned in the BCNR's decision. The plaintiff argues that by citing this additional evidence, the court provided a basis for the BCNR decision that had not been

---

[1] To the extent that the plaintiff argues that the Navy was required to discuss the impact of neuropathy (presumably caused by amyloidosis) on his Fitness for duty, the court notes that the failure to specifically address his peripheral neuropathy does not require reconsideration of the court's decision. Indeed, the VA found that Colonel Hoffman did not present "objective pathology of sensory loss, weakness, numbness or paralysis" due to his peripheral neuropathy. AR 79. In this connection, the court reiterates that it was prohibited from substituting its judgment for the BCNR even if reasonable minds could have reached a different conclusion. See Krauss v. United States, 40 Fed. Cl. 834, 839-43 (1998), aff'd, 185 F.3d 886 (Fed. Cir. 1999) (dismissing a challenge to a BCNR decision in similar circumstances).

provided by the BCNR, thereby overstepping the court's role in contravention of <u>Motor Vehicle Manufacturers Ass'n of United States, Inc. v. State Farm Mutual Automobile Insurance Co.</u>, 463 U.S. 29, 43 (1983).

The court disagrees. While it is true that the court did identify evidence in the record that did not appear in the BCNR's decision, this evidence was in addition to the evidence the BCNR had relied upon to support its conclusion that Colonel Hoffman's illness was not service-incurred. The BCNR identified several facts in the record to support its decision regarding service-incurrence. The BCNR referenced evidence of Colonel Hoffman's leg-swelling and gingivitis. The BCNR explained that this evidence did not necessarily prove that his illness was incurred while he was on active duty and concluded that Colonel Hoffman was not ill during active service. The court, in its opinion, determined that the BCNR's conclusion regarding service-incurrence was further supported by other facts in the record, including Colonel Hoffman's Fitness tests and echo cardio tests.

This court is authorized to decide cases based on the "whole record." <u>See Moyer v. United States</u>, 190 F.3d 1314, 1320 (Fed. Cir. 1999) (reviewing record as a whole). This includes everything that was before the agency when it evaluated the merits of the claim. <u>See Axiom Res. Mgmt., Inc. v. United States</u>, 564 F.3d 1374, 1379-80 (Fed. Cir. 2009). Contrary to the plaintiff's contention, all of the relevant facts did not have to appear in the BCNR decision. Rather, the BCNR decision had to be supported by the record as a whole. <u>See Moyer</u>, 190 F.3d at 1320. In view of the foregoing, the court finds that Colonel Hoffman's objection to the court's decision on the grounds that the

6

court identified additional record evidence supporting the BCNR's decision is without merit.

Finally, the court has reviewed all of Colonel Hoffman's additional grounds for reconsideration and concludes that none of them warrant reconsideration or discussion. Applying the deferential standard of review applicable to court review of BCNR decisions, the court determined that the BCNR decision refusing to set aside the Navy's decision to deny Colonel Hoffman a disability retirement should be affirmed. None of the other issues raised by Colonel Hoffman in its motion provide a basis for the court to revisit its decision.[2]

## III. Conclusion

For the above-stated reasons, the plaintiff has failed to show a manifest error of law or mistake of fact that would warrant reconsideration under RCFC 59(a). As such, the plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge

---

[2] Separate from his claim for a disability retirement, Colonel Hoffman also argues that he is entitled to reconsideration of the court's rejection of his claim for incapacitation pay and benefits. Pl. Mot. 18-22. As the court explained in its decision, the plaintiff waived his claim for incapacitation pay. Colonel Hoffman has not provided the court with any basis for reconsidering this determination and thus his motion for reconsideration of this claim is also denied.

7