**TECHNICAL INNOVATION, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant,**

and

**Millennium Systems Services, Inc., Defendant–Intervenor.**

**No. 09–784C.**

United States Court of Federal Claims.

May 18, 2010.

Donald J. Walsh, Offit, Kurman, P.A., Owings Mills, Md., for plaintiff. Timothy M. Monahan, Offit, Kurman, P.A., Owings Mills, MD, of counsel.

Russell J. Upton, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Alan J. Lo Re, Assistant Director, all of Washington, D.C., for defendant.

Stephen D. Davis II, Maynard, Cooper & Gale, P.C., Huntsville, Ala., for defendant-intervenor. Walter A. Dodgen and J. Andrew Watson, III, Maynard, Cooper & Gale, P.C., Huntsville, Ala., of counsel.

## ·ORDER

WOLSKI, Judge.

This post-award bid protest was brought by disappointed offeror Technical Innovation, Inc. ("TI"), challenging the United States Air Force's award of an indefinite delivery/indefinite quantity contract to Millennium Systems Services, Inc. ("MSSI"), which intervened in this action on the defendant's side. The contract award, under Solicitation No. FA3300–09–R–0032, is challenged on the ground that intervenor's offer failed to meet the solicitation's material requirements and thus was not technically acceptable. *See* Compl. ¶¶ 1, 14–15. After this protest was filed, the government agreed to suspend performance of the contract, but for one demonstration by MSSI of its product. *See* Order (Nov. 17, 2009). The case has been stayed while the Air Force considered corrective action. *See* Order (Nov. 19, 2009).

The Air Force has since decided to issue a new solicitation to re-procure the services that were the subject of the award challenged in this case. Attach. to Def.'s Not. of Corrective Action and Mot. to Dismiss. Pending before the Court is defendant's motion to dismiss the case for lack of subject matter jurisdiction, under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), which contends that this matter is moot. Plaintiff does not oppose this motion, but MSSI objects, arguing that additional information must be provided so that the Court may determine whether the corrective action has a rational basis and complies with applicable law. *See* Objection by Intervenor ("Obj'n") at 1.

 The mootness of a case is properly the subject of an RCFC 12(b)(1) motion. "The inability of the federal judiciary 'to review moot cases derives from the require-ment of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *DeFunis v. Odegaard*, 416 U.S. 312, 316, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974) (quoting *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n. 3, 84 S.Ct. 391, 11 L.Ed.2d 347 (1964)). Thus, mootness presents a question of subject matter jurisdiction. *See North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). The government's motion, while in form one brought under RCFC 12(b)(1), casts some doubt on this proposition, as defendant contends that "the doctrine of mootness has been adopted by this Court and other Article I courts upon prudential grounds." Def.'s Not. of Corrective Action and Mot. to Dismiss ("Def.'s Mot.") at 4 (citing *CW Gov't Travel, Inc. v. United States*, 46 Fed.Cl. 554, 558 (2000)).[1] But when our Court entertains matters within our jurisdiction other than Congressional reference cases—the latter which result in a report, not a decision, *see* 28 U.S.C. § 2509—the end product is a "final judgment" which is not only conclusive, *see* 28 U.S.C. §§ 2517, 2519, but is subject to review in the United States Court of Appeals for the Federal Circuit, an Article III court. *See* 28 U.S.C. §§ 1295(a)(3), 2522; *see also Seaboard Lumber Co. v. United States*, 903 F.2d 1560, 1562 (Fed.Cir.1990). Thus, the better view is not that it is a matter of prudence, but rather that a "case or controversy," 28 U.S.C. §§ 2517, 2519, which Congress has placed under the jurisdiction of both our Court and the Federal Circuit, must necessarily meet the Article III justiciability requirements. *See Am. Mar. Transp., Inc. v. United States*, 18 Cl.Ct. 283, 290–91 (1989); *Welsh v. United States*, 2 Cl.Ct. 417, 420–21 (1983). It may be a matter of choice, but the choice was made by Congress, not our Court—and, hence, it is a question of jurisdiction.

 As a question of jurisdiction, mootness is an exception to "the long-standing rule in the Federal courts that jurisdiction is determined at the time the suit is filed and, after vesting, cannot be ousted by subsequent events, including action by the par-

1. Doubts were also harbored by late Chief Justice Rehnquist, due to the incongruous " 'capable of repetition, yet evading review' exception." *Honig v. Doe*, 484 U.S. 305, 330–32, 108 S.Ct. 592, 98 L.Ed.2d 686 (Rehnquist, C.J., concurring); *see also Madison Servs., Inc. v. United States*, 90 Fed.Cl. 673, 680 n. 3 (2009).

ties." *F. Alderete Gen. Contractors, Inc. v. United States,* 715 F.2d 1476, 1480 (Fed.Cir. 1983). The Supreme Court has explained that "jurisdiction, properly acquired, may abate if the case becomes moot," *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)—which happens when it is unreasonable to expect "that the alleged violation will recur," and "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Id.* (citations omitted). In other words, a case will be moot where it no longer presents a "live" controversy or the parties no longer have a " 'legally cognizable interest in the outcome' " of the litigation. *See Rice Servs., Ltd. v. United States,* 405 F.3d 1017, 1019 n. 3 (Fed.Cir.2005) (quoting *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)); *see also Davis,* 440 U.S. at 631, 99 S.Ct. 1379; 15 James Wm. Moore et al., *Moore's Federal Practice* § 101.90 (3d ed.2009).

The Court initially had jurisdiction over this case under the Administrative Dispute Resolution Act of 1996, which amended the Tucker Act to cover "an action by an interested party objecting ... to a proposed award or the award of a contract or any alleged violation of a statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1) (2006); *see* Compl. ¶ 2. The only party which has done this "objecting" is TI, with a complaint alleging that the Air Force's evaluation of MSSI's offer was flawed. *See* Compl. ¶¶ 14–16, 21, 24. But TI is satisfied that its claims have been rendered moot by the government's corrective action—which seems to be correct, as the re-procurement will necessarily involve a new evaluation, and no standing policy has been identified as the cause of the alleged error in the prior evaluation.[2] In any event, whether plaintiff is right to concede the mootness of its claims and the dismissal of its case is of no concern to MSSI— which has not even filed an answer in this matter, let alone any cross-claims.

Yet MSSI objects to the motion to dismiss the case, based on speculation that the corrective action "could have a debilitating effect on" it. Obj'n at 3. But this case, brought by TI to challenge an evaluation and award which are now defunct, is not the place for MSSI to pursue discovery relating to a proposed procurement—which MSSI may, of course, protest in a separate action, if it believes laws or regulations were violated. *See* 28 U.S.C. § 1491(b); *Data Monitor Sys., Inc. v. United States,* 74 Fed.Cl. 66, 72–73 (2006). It is not proper for a court to manage the details of a new solicitation or oversee the re-procurement process. *See Beta Analytics Int'l, Inc. v. United States,* 69 Fed.Cl. 431, 432 (2005). And while it is true that the rational basis of a corrective action may be challenged by a plaintiff bringing a bid protest, *see Centech Group, Inc. v. United States,* 79 Fed.Cl. 562, 563, 575–77 (2007), and that a plaintiff-intervenor may dispute whether a proposed corrective action moots its claims, *see Chapman Law Firm Co. v. United States,* 71 Fed.Cl. 124, 132 (2006), *aff'd in relevant part sub nom. Chapman Law Firm Co. v. Greenleaf Constr. Co.,* 490 F.3d 934, 938 (2007), in this particular case MSSI is neither a plaintiff nor a plaintiff-intervenor. These are the authorities upon which MSSI relies, *see* Obj'n at 4–5, and they provide no basis to deny defendant's motion to dismiss this case. Simply stated, MSSI has no claim in this lawsuit, and any claims it may have regarding the corrective action would be the subject of a different lawsuit.

Accordingly, the government's motion to dismiss the case for lack of subject matter jurisdiction is **GRANTED**. The Clerk is directed to close the case. No costs are awarded.

**IT IS SO ORDERED.**

---

2. Even the claim for bid preparation and proposal costs would seem to be mooted by the re-procurement, since this second opportunity to compete for the contract makes "the investment in the proposal [] no longer a 'needless expense,' " *Beta Analytics Int'l, Inc. v. United States,* 75 Fed.Cl. 155, 159 (2007) (quoting *Heyer Prods. Co. v. United States,* 135 Ct.Cl. 63, 71, 140 F.Supp. 409 (1956)), and plaintiff "may yet see the fulfillment of the promise of 'fair and impartial consideration' which 'induced it to spend its money to prepare its bid.' " *Id.* (quoting *Heyer Prods.,* 135 Ct.Cl. at 69, 140 F.Supp. 409).