# In the United States Court of Federal Claims

No. 16-1481C
(Filed November 16, 2017)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                  *
CARGO TRANSPORT SYSTEMS           *
COMPANY,                          *
                                  *
                Plaintiff,        *
                                  *
        v.                        *
                                  *
THE UNITED STATES,                *
                                  *
                Defendant,        *
                                  *
        and                       *
                                  *
KGL TRANSPORTATION                *
COMPANY K.S.C.C.,                 *
                                  *
        Defendant-Intervenor.     *
                                  *
* * * * * * * * * * * * * * * * * *
```

## ORDER

After the Court dismissed this bid protest as resting on a ground that had been waived, *see Cargo Transp. Sys. Co. v. United States*, No. 16-1481C, 2017 WL 1406862, at \*1 (Fed. Cl. Apr. 20, 2017) (*citing, inter alia, Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308, 1314 (Fed. Cir. 2007)), Cargo Transport Systems Co. (Cargo) timely moved for reconsideration pursuant to Rule 59 of the Rules of the United States Court of Federal Claims (RCFC). The government responded with a notice informing the Court that the contract at issue in this protest had been terminated for the convenience of the government. Notice at 2, ECF No. 85. In place of the terminated contract, Cargo was awarded a bridge contract with exercised options running through March 8, 2018. Reply to Order, Attachment A, at ¶ 6 (Decl. of Thomas Fee), ECF No. 90; *see also* Notice at 30–31, ECF No. 85.

Because Cargo's bridge contract displaced the procurement which is the subject of this dispute, that procurement has been effectively cancelled, making

Cargo's protest moot. *See Coastal Envtl. Grp., Inc. v. United States*, 114 Fed. Cl. 124, 131 (2013) ("[T]he Court of Federal Claims has consistently found that the cancellation of a procurement renders a protest of that procurement moot.").  Even if Cargo had not waived a challenge to the negative responsibility determination that initially prevented it from receiving a contract under the protested procurement, it can no longer contend that the responsibility determination was the reason it was not awarded the contract.  Rather, the reason is now that the procurement was replaced by a bridge contract that Cargo itself received, which would have to be the subject of a new protest---that is, if Cargo were willing to be an offeror which would not take yes for an answer. *But see Kellogg Brown & Root Servs., Inc. v. United States*, 117 Fed. Cl. 764, 771 (2014) (explaining why contractors offered sole source contracts lack standing to protest the offers).  Moreover, this is not a case in which Cargo's bid preparation and proposal costs were for naught, as they apparently resulted in the award of the bridge contract. *See Tech. Innovation, Inc. v. United States*, 93 Fed. Cl. 276, 279 n.2 (2010).

The Court further notes that Cargo's motion for reconsideration amounted to nothing more than an attempt to reargue points the Court had already heard and rejected, which is not proper under RCFC 59. *See Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1384 (Fed. Cir. 2010) (explaining that motions for reconsideration are proper only in circumstances where a "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension" (citation omitted)); *Bishop v. United States*, 26 Cl. Ct. 281, 286 (1992) (stating that a motion for reconsideration "is not intended to give an unhappy litigant an additional chance to sway the court") (quoting *Circle K Corp. v. United States*, 23 Cl. Ct. 659, 664–65 (1991)).  But in any event, as explained above, Cargo's motion for reconsideration is **DENIED** as moot.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge