# In the United States Court of Federal Claims

No. 21-1807

(Filed Under Seal: May 17, 2022)

(Reissued: October 26, 2022)[1]

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| XEROX CORPORATION, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| THE UNITED STATES, | * | Motion to Dismiss; Bid Protest; |
| | * | Mootness. |
| Defendant, | * | |
| | * | |
| and | * | |
| | * | |
| TRIDENT E&P, INC., | * | |
| | * | |
| Defendant-Intervenor. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Jonathan S. Aronie*, Sheppard Mullin Richter & Hampton LLP, Washington, DC, counsel for Plaintiff.

*Matthew J. Carhart*, U.S. Department of Justice, Washington, DC, counsel for Defendant.

*Michael E. Barnicle*, Arnold & Porter Kaye Scholer LLP, Chicago, IL, counsel for Defendant-Intervenor.

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

Following corrective action by the Defense Logistics Agency ("DLA"), the government moves to dismiss as moot this post-award bid protest filed by Plaintiff, Xerox Corporation

---

[1] This Memorandum Opinion and Order was filed under seal on May 17, 2022, *see* ECF No. 74, in accordance with the Protective Order entered on September 9, 2021, *see* ECF No. 13. The parties were given an opportunity to identify protected information, including source selection information, proprietary information, and confidential information, for redaction. On May 31, 2022, the parties filed a joint status report in which Defendant proposed redactions. ECF No. 78. Plaintiff opposed Defendant's proposed redactions. *See id.* at 1-2. On September 2, 2022, Defendant filed a status report withdrawing its redactions. ECF No. 81. Accordingly, the Court reissues this opinion without any redactions.

("Xerox"). *See* Def.'s Mot. to Dismiss at 1, ECF No. 67. DLA's corrective action terminated the award to Defendant-Intervenor, Trident E&P, Inc. ("Trident"), and awarded the contract to Xerox. *Id.* Xerox does not oppose the dismissal of its case. *Id.* Trident, however, argues that Xerox's complaint should not be dismissed until the government "provide[s] a coherent and reasonable explanation of the alleged legitimate procurement defect and how its corrective action is rationally related to addressing that defect." Def.-Intervenor's Opp'n at 15, ECF. No. 69. Because the corrective action renders Xerox's protest moot and because Trident has no basis to object to dismissal, the government's motion to dismiss is **GRANTED**.

Xerox brought this protest challenging DLA's award of a contract to Trident under Solicitation No. SP7000-19-R-1001 (the "Solicitation"), which called for the award of a single contract to provide commercial copier machines and similar devices, along with associated technical support and supplies, for use aboard military ships. AR 211-12.[2] Relevant to the ultimate resolution of the protest, the Solicitation required that "Class I-IVC & Production Devices must be a single manufacturer" (the "single manufacturer requirement"). AR 9127. After some uncertainty, *see, e.g.*, AR 7727, 7732, 7738, DLA determined that Trident's proposal complied with the single manufacturer requirement. *See* AR 9016. DLA relied in part upon a letter (the "Certification Letter") from the Chief Technology Officer at HP Federal, which stated: "HP certifies that the equipment [Trident] proposed . . . are commercial items currently in production as new equipment as of the date of Trident's final revised proposal submission and will be in production for six months after contract award." AR 7851. In its complaint, Xerox alleged, *inter alia*, that DLA's determination that Trident's proposal complied with the Solicitation's single manufacturer requirement was unreasonable. Compl. ¶¶ 49-50, ECF No. 1.

After Xerox filed a motion for judgment on the administrative record, *see* ECF No. 51, the government and Trident received a letter (the "Clarification Letter") from the president of HP Federal "to clarify the statements contained in" the Certification Letter. *See* AR 9967. The Clarification Letter stated:

> We understand that the [Certification Letter] may have been interpreted by the Government . . . to mean that the SMDP Class PC and SMDP Class PBW printers proposed by Trident are currently in production and branded by HP Inc. That is not the case; rather the two devices are produced and branded by Canon, and, as [Trident] was aware at the time we submitted the [Certification Letter], HP Federal (and Trident) intended to resell those printers to satisfy the SMDP requirements.

AR 9968.

The government informed the Court that the Clarification Letter "changed DLA's understanding" of the Certification Letter and that DLA intended to take corrective action that would moot the issues in Xerox's protest. *See* Joint Status Report at 1-2, ECF No. 60. The Court ordered the government not to file a motion to dismiss until it notified the Court of "the full extent" of DLA's corrective action in order "[t]o allow the parties and the Court to evaluate the

---

[2] The government filed the administrative record in three consecutively paginated parts: an initial record, ECF No. 29, and two supplements to the record. ECF Nos. 38, 52. The Court cites to pages in any part of the administrative record as "AR___."

effect" of the corrective action on the protest. Order at 1, ECF No. 61. On March 15, 2022, the government filed a notice of corrective action, stating that DLA terminated the award to Trident, evaluated Xerox's proposal, and intended to award the contract to Xerox on March 18, 2022. *See* Not. of Corrective Action at 1, ECF No. 66. The government then filed a motion to dismiss Xerox's complaint on mootness grounds, which Trident opposes but Xerox does not. *See* Def.'s Mot. to Dismiss at 1.

Mootness is a jurisdictional issue that derives from the case or controversy requirement of Article III of the United States Constitution. *Techn. Innovation, Inc. v. United States*, 93 Fed. Cl. 276, 278 (2010) (citing *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1944). A case should be dismissed as moot "[w]hen, during the course of litigation, it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue[.]" *Chapman Law Firm Co. v. Greenleaf Constr. Co., Inc.*, 490 F.3d 934, 939 (Fed. Cir. 2007). An agency's corrective action renders a bid protest moot if the "corrective action adequately addresse[s] the effects of the challenged action" and there is "no reasonable expectation that the action [will] recur." *Id.* at 940; *see also Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979) (holding that a case becomes moot when "(1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." (internal citations and quotations omitted)).

DLA's corrective action moots Xerox's complaint. Xerox alleged that errors in the procurement process led to an improper award to Trident. *See generally* Compl. It sought a declaratory judgment that the award to Trident was improper and an injunction prohibiting DLA from proceeding with the award to Trident. Compl. ¶ 58. DLA's corrective action, which terminated the award to Trident and awarded the contract to Xerox, eradicated the effects of the alleged violation with no reasonable expectation that the violation will recur. A declaration that the now-revoked award to Trident was improper would be meaningless, and the Court cannot enjoin performance of a contract that does not exist. Thus, the corrective action renders moot the issues in Xerox's original protest.

Trident has no basis to object to the dismissal of Xerox's moot protest. Its argument to the contrary is grounded in its belief that DLA did not adequately explain its reasons for the corrective action. *See* Def.-Intervenor's Opp'n at 8. But the focus of this case is Xerox's complaint, which challenged procurement errors in the original award to Trident. As explained, those issues were mooted by the corrective action, and "[t]he court is not an open grand jury convened to inquire into all possible aspects of a procurement." *Sigmatech, Inc. v. United States*, 122 Fed. Cl. 674, 676 (2015). Trident is free to bring its own protest to challenge the rational basis of the corrective action.[3] Thus, despite Trident's contentions, *see* Def.-Intervenor's Opp'n at 9, the errors it alleges are very capable of being reviewed—in a lawsuit brought by Trident, not Xerox. But Trident, as intervenor, "has no claim in this lawsuit, and any claims it may have regarding the corrective action would be the subject of a different lawsuit." *Techn. Innovation*,

---

[3] The Court makes no determination on the government's argument that Trident has waived its ability to challenge the termination of its award before this Court. *See* Def.'s Mot. to Dismiss at 8.

93 Fed. Cl. at 279. Further, even if the government's alleged failure to comply with the Court's order to explain the full extent of the corrective action would allow the Court to retain jurisdiction over a definitively moot case, as Trident argues, *see* Def.-Intervenor's Opp'n at 10, the Court finds that the government did, in fact, explain the full extent of the corrective action. As such, Trident sets forth no grounds on which it may force the continued litigation of Xerox's case.

For the reasons above, the government's motion to dismiss, ECF No. 67, is **GRANTED**. Xerox's motion for judgment on the administrative record, ECF No. 51, filed before DLA's corrective action, is **DENIED AS MOOT**. The Clerk is directed to enter judgment accordingly.

Some information contained in this Order may be considered protected information subject to the Protective Order entered on September 8, 2021. *See* ECF No. 13. Accordingly, this Opinion and Order is filed **UNDER SEAL**. Accordingly, by **May 31, 2022**, the parties shall file a joint status report that: (i) identifies the information, if any, that the parties contend should be redacted, (ii) explains the basis for each proposed redaction, and (iii) includes an attachment of the proposed redactions for this Order. In issuing redactions, the Court will take into consideration the arguments presented in the briefings regarding Plaintiff's pending motion to unseal, ECF No. 73.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge